**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.  1:26-cv-21731-KMM

FRANKLIN LOVIO-CAPO,

      Petitioner,

v.

FLORIDA SOFT SIDE SOUTH et al.,

      Respondents.

_____/

**<u>ORDER</u>**

THIS CAUSE came before the Court on Petitioner Franklin Lovio-Capo's ("Petitioner"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition" or "Pet.") (ECF No. 1) and Respondent Immigration and Customs Enforcement's Motion to Dismiss or Transfer Action (the "Motion" or "Mot.") (ECF No. 3).  As set forth below, the Motion is GRANTED and the Petition is TRANSFERRED to the United States District Court for the Middle District of Florida.

Petitioner is currently housed at Florida Soft Side South in Ochopee, Florida, which is in Collier County.  Pet. at 9; Mot. at 3; (ECF No. 3-1).  Collier County is located within the Middle District of Florida.  28 U.S.C. § 89(b).  Therefore, the proper venue for this Petition is the Middle Distrct of Florida.  *See Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) ("For 'core habeas petitions,' 'jurisdiction lies in only one district:  the district of confinement.'" (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004))); *see also Morales v. Dade Corr. Inst.*, No. 4:23-CV-00303, 2023 WL 5184190, at *2 (N.D. Fla. July 20, 2023) ("Here, there is no allegation connecting the events or the parties to the Northern District of Florida.  Dade Correctional Institution is in the Southern District of Florida; and Plaintiff is housed there.  Venue is proper in the Southern District of

Florida."), *report and recommendation adopted*, 2023 WL 5184157 (N.D. Fla. Aug. 11, 2023); Mot. at 2–3 (collecting cases).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also Dobard v. Johnson*, 749 F.2d 1503, 1506–07 (11th Cir. 1985). District courts have the authority to transfer such cases *sua sponte*. *See Kapordelis v. Danzig*, 387 F. App'x 905, 907 (11th Cir. 2010) (per curiam).

Accordingly, UPON CONSIDERATION of the Petition and the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Motion (ECF No. 3) is GRANTED to the extent transfer is appropriate. The Clerk of Court is directed to TRANSFER this case to the United States District Court for the Middle District of Florida.[1] The Clerk of Court is directed to CLOSE this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 17th day of March, 2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:      Franklin Lovio-Capo
        Florida Soft Side South
        Inmate Mail/Parcels
        54575 Tamiami Trail E NA
        Ochopee, FL 34141
        PRO SE

---

[1] The Court therefore no longer has jurisdiction to entertain the merits of the Petition. *See Caribbean Ent. Techs., Ltd. v. Snap One, LLC*, No. 21-92019-CIV, 2023 WL 11801316, at *1 (S.D. Fla. Mar. 31, 2023) ("[B]ecause this case has already been transferred, this Court has lost jurisdiction of the matter." (citing *Koehring Co. v. Hyde Constr. Co.*, 382 U.S. 362 (1966); *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 988 n.10 (11th Cir. 1982))).